724

Nazik GEVORGYAN, aka Nazik Tsaturyan; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75409.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

Nazik Gevorgyan, Glendale, CA, pro se.

Ruben Gevorgyan, Glendale, CA, pro se.

Sergei Gevorgyan, Glendale, CA, pro se.

Samvel Gevorgyan, Glendale, CA, pro se.

Boris Baladjanian, Valencia, CA, for Petitioners.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Kristin K. Edison, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Nazik Gevorgyan, a native of Georgia and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Gevorgyan's husband Reuben and sons Sergei and Sonbel Gevorgyan petition for review on their derivative applications for relief. We have jurisdiction pursuant to 8 U.S.C. § 1252, and review for substantial evidence the BIA's decision. *See Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005).

Substantial evidence does not support the BIA's finding that Gevorgyan's credible testimony failed to establish a nexus between the harm she suffered and her activities to publicize corruption within the Armenian government. *See Grava v. INS,* 205 F.3d 1177, 1181–82 (9th Cir.2000). We therefore grant the petition for review and remand to the BIA for consideration of whether Gevorgyan has proven a well-founded fear of future persecution sufficient to establish eligibility for asylum and withholding of removal. *Id.* at 1182.

However, because Gevorgyan has not "specifically and distinctly argued and raised" the issue of relief under the Convention Against Torture in this court, she has waived that claim. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir. 2005) (citation and internal quotation marks omitted).

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.